UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
MOHAMMED KEITA,

                  Plaintiff,

           -against-

BANK OF AMERICA, QBE FIRST
INSURANCE, and AIG INSURANCE,

                 Defendants.
---------------------------------------------------------------- x

MEMORANDUM & ORDER

17-cv-880 (ENV) (ST)

VITALIANO, D.J.

On October 26, 2017, the Court dismissed *pro se* plaintiff Mohammed Keita's initial complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), but gave him leave to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. Subsequently, on November 13, 2017, he filed an amended complaint against defendants Bank of America ("BOA"), QBE First Insurance ("QBE"), and AIG Insurance ("AIG"). *In forma pauperis* status is granted for the purposes of this order. Now, the amended complaint is dismissed. The reasons follow.

Background

Affording the amended complaint the solicitude due its *pro se* status, it is read to raise three claims as to BOA. The complaint alleges that BOA illegally trespassed on his property; breached an insurance contract; and engaged in illegal securitization. It also seeks to assert a property damage claim against AIG. Mystifyingly, QBE is also named as a defendant.

Discussion[1]

Right off the top, it is painfully obvious that even in this second go round that Keita's

---

[1] For a discussion of the applicable standards of review and the reasons why they are not discussed in detail in this action brought by an incessant filer of claims which tend to be without

1

amended complaint fails to set forth any factual allegations concerning QBE. Accordingly, the complaint must be dismissed as to that defendant, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

Moving on, the bare-bones allegations purporting to assert claims of trespass, breach of contract and "illegal securitization" fall well short of the plausible pleading of facts required by Rule 8.[2] To comply with that obligation of pleading, Keita needed to plead facts sufficient to allow the "defendant to have a fair understanding of what [he] is complaining about and to know whether there is a legal basis for recovery"—a privilege that Keita's complaint utterly fails to afford BOA. *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." (citation omitted)). The claims against BOA are "so confused, ambiguous, vague or otherwise unintelligible that [their] true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The same holds true for Keita's claim against AIG.

Putting aside any and all other pleading deficiencies, Keita's claims against BOA and AIG for trespass and/or property damage appear to be barred by the applicable New York statute of limitations. That appears so, because, given the few facts Keita does plead, what he does say

---

legal merit, see *Keita v. American Security Insurance Company*, 17-cv-879, Dkt. No. 19 at pgs. 2-3, and its accompanying text.

[2] To the extent Keita's complaint can be read to raise a fraud claim, it falls well short of what Federal Rule of Civil Procedure 9(b) demands, even for *pro se* pleaders – which is to say, the pleading of fraudulent acts or assertions with particularity. *Iqbal*, 556 U.S. at 686, 129 S. Ct. at 1954.

2

plainly establishes that any alleged wrongful acts about which he seeks to complain are outside the maximum three year limitations period under New York law for property damage claims, including claims of trespass (N.Y. C.P.L.R. § 214(4)). Specifically, he claimed in his pleadings that the contractor that AIG was indemnifying for work being done on his property damaged it in 2007, and that BOA trespassed in November 2013. Notwithstanding New York's limitations period, though, Keita brought suit in February 2017 – more than seven years after the time to file a claim as to his alleged 2007 injury, and several months after the time to file a claim as to his alleged November 2013 injury.

Given the facts he has actually pleaded and the foregoing analysis, the Court determines that granting Keita a second opportunity to amend his complaint would be futile. *See Terry v. Incorporated Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).[3] That opportunity is denied.

## Conclusion

For the reasons set forth above, the complaint is dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. Leave to amend yet again is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of the order to plaintiff, to enter judgment accordingly, and to close this case for administrative purposes.

---

[3] BOA and QBE, although not AIG, have appeared to defend the case. In light of the Court's sua sponte dismissal of the complaint, BOA's and QBE's pending motions are denied as moot.

3

So Ordered.

Dated: Brooklyn, New York
August 9, 2018

/s/ Hon. Eric N. Vitaliano, U.S.D.J.
ERIC N. VITALIANO
United States District Judge